IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HAROLD HOBBS                                                                                       PLAINTIFF
ADC #77219

V.                                      NO: 5:09CV00368 BSM/HDY

BRENDA FULCO *et al.*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.
2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

1

>   proof, and a copy, or the original, of any documentary or
>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on November 20, 2009, alleging that Defendants were deliberately indifferent to his medical needs by delaying treatment for a cracked tooth, and denying him Sensodyne toothpaste, which had been recommended by a dentist in 2004.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on December 7, 2010, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2

(1986).  Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

  1. According to Plaintiff, one of his back teeth broke on June 19, 2009, and he was denied treatment until October 29, 2009, due to his refusal to sign a consent form that waived certain legal rights.  Plaintiff's tooth was filled once he signed a revised form.  Plaintiff also asserts that he has been denied Sensodyne toothpaste for his sensitive teeth.

  2. Defendants are Lamont Parsons and Jack Stewart, both dentists; nurse Brenda Fulco, manager Charlotte Green; and supervisor Alva Green.  All Defendants are or were involved in the operation of the Tucker infirmary, or in providing medical care for inmates during the time of Plaintiff's dental needs.  United States District Judge Brian S. Miller dismissed Plaintiff's claims against previous Defendant Wendy Kelly on July 30, 2010 (docket entry #74).

  3. On November 23, 2010, the undersigned entered a recommendation that Plaintiff's claims against all Defendants except for Stewart be dismissed (docket entry #103).  That recommendation was based on Judge Miller's earlier determination that Plaintiff's refusal to sign the consent form was unreasonable in that the form did not waive all of his legal rights, and the fact that Plaintiff was provided with alternatives to Sensodyne toothpaste to treat his sensitive teeth.

  4. According to medical records previously entered into the record (docket entry #95, exhibit A), on July 30, 2009, Stewart administered anesthetics and prepared to fill Plaintiff's tooth, but terminated the procedure due to Plaintiff's refusal to sign the consent form.  Plaintiff saw Stewart on four other occasions, but refused to sign a consent form, and Plaintiff's tooth was never filled by Stewart.  At the hearing, Plaintiff testified that his claims against Stewart were the same as his claims against the other Defendants.  As stated in the undersigned's June 17, 2010, Proposed

Findings and Recommendation:

> Plaintiff continues to stress that he had to suffer with medical problems because of the release form which he refused to sign. Although conditioning needed medical care on a total release of liability could give rise to a constitutional violation, there was no total release here, and Plaintiff's lack of medical care is the result of his unwarranted refusal to sign the form. Even if the form was inappropriate, [previously dismissed defendant] Kelly offered Plaintiff a way to comply with the form without waiving his legal rights. Thus, Plaintiff was fully in control of his treatment, and any delay was entirely of his own doing.

Docket entry #65.

With respect to Plaintiff's complaint that he was denied Sensodyne brand toothpaste, the undersigned notes that Plaintiff failed to introduce any evidence that having sensitive teeth is a serious medical condition. Indeed, Madison Taliaferro, D.D.S., found that it is not a serious medical condition (docket entry #95, exhibit D). To succeed with an inadequate medical care claim, a Plaintiff must as a threshold matter, demonstrate that he has an objectively serious medical need. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)(discussing elements of a deliberate indifference claim). Moreover, Dr. Taliaferro indicated in his affidavit that the state-issued toothpaste the ADC provides contains fluoride, and will strengthen tooth enamel, and reduce sensitivity. "Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)(citations omitted).

5.   Based on Judge Miller's previous determination that Plaintiff's refusal to sign the consent form was unreasonable, the undersigned's previous recommendation that Plaintiff's claims against the other Defendants should be dismissed, and Plaintiff's statement at the hearing that his claims against Stewart are the same as his claims against all other Defendants, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury. Accordingly, his

complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

DATED this __14__ day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE